**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

UNITED STATES OF AMERICA,

     *Plaintiff,*

  vs.                                                                                    Case No. 19-CR-10174-EFM

TARA D. ESGUERRA,

     *Defendant.*

**MEMORANDUM AND ORDER**

Before the Court is Defendant Tara D. Esguerra's Motion for Early Termination of Probation (Doc. 49). Ms. Esguerra filed this Motion on October 27, 2022, and represents that it is not opposed by the Government or the United States Probation Office.

In December 2019, Ms. Esguerra was charged in a single count indictment with possession of a firearm by an unlawful user of a controlled substance, in violation of 18 U.S.C. § 922(g)(3). Ms. Esguerra was initially arrested around one month after the indictment but was released on bond after three days, on January 27, 2020. Pretrial services records indicated that Ms. Esguerra complied with all conditions of release while on bond. In April 2021, she entered a guilty plea as to the sole count against her.

The facts of this case—admitted by Ms. Esguerra in the plea agreement—are that on July 19, 2019, Ms. Esguerra possessed a semi-automatic pistol at the same time that she possessed a bag of methamphetamine.  The pistol was manufactured in Ohio, and therefore traveled in interstate commerce before it was possessed by Ms. Esguerra in Kansas.  During an interview with law enforcement after the firearm and drugs were found in her possession, Ms. Esguerra admitted that she was addicted to methamphetamine.

In preparation for Ms. Esguerra's sentencing hearing, the United States Probation Office prepared a Presentence Investigation Report.  That report indicated that Ms. Esguerra had an extensive history of substance abuse going back to the early age of 14.  Ms. Esguerra reported abusing alcohol, marijuana, cocaine, and methamphetamine at various times since 2004, as well as experimenting with a number of other controlled substances.  In August 2019, however, Ms. Esguerra began taking steps to turn her life around.  She reportedly stopped using addictive substances of any kind and began living in a sober living community.  Ms. Esguerra also became involved in various substance abuse support groups.

The Sentencing Guidelines recommended, based on Ms. Esguerra's total offense level of 15 and criminal history category of III, a sentence of imprisonment of 24 to 30 months to be followed by a term of supervised release of one to three years.  The Court, however, varied downward and imposed a sentence of three years of probation.  Ms. Esguerra was sentenced on July 1, 2021.  To date, she has completed around one year and four months of her term of probation.

Under 18 U.S.C. § 3564(c), the Court may terminate a previously imposed term of probation in the case of a felony at any time after one year of probation.  In considering a request for early termination, the statute directs the court to weight the factors set forth in section 3553(a)

to the extent that they are applicable.  The Court will grant such a motion if it is satisfied that early termination is warranted by the conduct of the defendant and is in the interests of justice.[1]

In support of her instant Motion, Ms. Esguerra represents that the upward trajectory she began in August 2019 has continued.  She has become a leader in the recovery community and was recently elected as the state vice president of Oxford House Kansas.  Further, Ms. Esguerra represents that she reported to the Probation Office as directed, complied with all conditions of supervision, and paid all fines.

The Court commends Ms. Esguerra on her progress toward this worthy goal but does not find that this warrants early termination of her period of probation.  Several factors under § 3553(a) merit discussion.

First, § 3553(a)(1) directs the Court to consider the "characteristics of the defendant."  The Court considers not only the most recent conduct and characteristics of the defendant, but her overall history.[2]  Ms. Esguerra has, by her own admission, long struggled with addiction and abuse of controlled substances.  Certainly, her recent successes are to be lauded, but the Court is concerned that early termination of probation after just over one year—which will necessarily terminate supervision related to controlled substances—might make it easier for Ms. Esguerra to slide backwards into fifteen years of bad habits.   Continued supervision for the remainder of the three-year term hedges against this risk and is warranted by the overall conduct of Ms. Esguerra, not just her most recent behavior.

---

[1] 18 U.S.C. § 3564(c).

[2] *United States v. Deeter*, 2022 WL 2104241, at *2 (D. Kan. 2022) (finding that the defendant must "be evaluated in terms not just of the defendant's successful performance over the two and one-half years of current supervision, but over his overall history").

Additionally, § 3553(a)(2) directs the Court to consider "the need for the sentence imposed—to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense" as well as to "afford adequate deterrence to criminal conduct." The seriousness of Ms. Esguerra's offense is represented by the fact that the Guidelines recommended a sentence of between 24- and 30-months' incarceration.   At sentencing, the Court varied downwards from this recommended sentence, ultimately choosing to impose only a three-year sentence of probation.   The Court did so, at least in part, because of Ms. Esguerra's recent successes as discussed above.   But the Court does not find that early termination—just over a year into her three-year probation sentence—serves the interests of justice.   Specifically, it does not reflect the seriousness of the offense, and is insufficient to promote respect for the law, to provide just punishment for the offense, and to afford adequate deterrence to criminal conduct.   Therefore, the Court denies Ms. Esguerra's request for early termination of her term of probation.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Early Termination of Probation (Doc. 49) is **DENIED.**

**IT IS SO ORDERED.**

Dated this 8th day of November, 2022.


ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE